UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL V.,[1]

|  |  |  |
|---|---|---|
| Plaintiff, | | Case # 20-CV-6887-FPG |
| v. | | DECISION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | | |
| Defendant. | | |

## INTRODUCTION

Plaintiff Paul V. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Act.  ECF No. 1.  The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  ECF Nos. 10, 11.  For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

In fall 2016, Plaintiff applied for SSI with the Social Security Administration ("the SSA").  Tr.[2] 59-69, 71.  He alleged disability since December 2011 due to several mental and physical impairments, including hypertension, loss of bilateral sight in eyes, anxiety, and panic attacks.  Tr. 60.  In September 2019, Administrative Law Judge Robert J. Kelly ("the ALJ") issued a decision

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter.  ECF No. 8.

finding that Plaintiff is not disabled.  Tr. 13-25.  On August 27, 2020, the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  This action seeks review of the Commissioner's final decision.  ECF No. 1.

## LEGAL STANDARD

### I.      District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.     Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 416.920(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of

impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

**DISCUSSION**

### I.    The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 31, 2016, the application date.  Tr. 14.  At step two, the ALJ found that Plaintiff had severe impairments of degenerative disc disease, depressive disorder, anxiety disorder, and polysubstance abuse disorder.  Tr. 15.  At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment.  Tr. 16.

Next, the ALJ determined that Plaintiff had the RFC to perform medium work with the following exertional and non-exertional limitations: he has the ability to lift/carry 40 pounds occasionally and 20 pounds frequently; he can stand/walk 6 hours in an 8-hour day and sit with normal breaks for 6 hours in an 8-hour workday; he can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl but can never climb ladders; he is limited to occasional interaction with the public, coworkers, and supervisors and is limited to the performance of simple, routine, repetitive tasks.  Tr. 17.

At step four, the ALJ found that Plaintiff could not perform any past relevant work.  Tr. 24. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.  Tr. 24-25.  The ALJ therefore found that Plaintiff is not disabled.  Tr. 25.

### II.    Analysis

Plaintiff argues that remand is warranted because, *inter alia*, the ALJ erroneously relied on his own lay opinion to craft the RFC.  *See* ECF No. 10-1 at 12-13.  The Court agrees.

At the hearing, Plaintiff alleged that he was currently homeless and suffered from several mental impairments, including anxiety, panic disorder, and depression. Tr. 35. Plaintiff testified that, due a recent bout of sciatica, he was "bent over . . . looking for change all day." Tr. 40. He spent his time talking to counselors, attending AA meetings, and "wandering around looking for a place to stay." Tr. 40. Plaintiff reported that his anxiety and stress result in him "being overwhelmed" and that riding the bus is "stressful enough to kill [him]." Tr. 50. In Plaintiff's view, he has "a lot on [his] plate" and requires the assistance of a behavioral health case manager to "organize [his] life." Tr. 49. When asked if his anxiety affects him on a daily basis, Plaintiff definitively answered, "Yes." Tr. 50.

The ALJ considered several medical opinions in his decision, only one of which related to Plaintiff's mental impairments. In February 2017, Plaintiff attended a psychological consultative examination with Adam Brownfield, Ph.D., a state agency consultant. At the exam, Plaintiff "reported sad moods, hopelessness, diminished self-esteem, and social withdrawal." Tr. 641. He also reported "excessive worrying[,] . . . palpitations, sweating, trembling, breathing difficulties, nausea, feels lack of control[,] . . . [and that he] gets overwhelmed easily." *Id.*

After performing his examination, Dr. Brownfield diagnosed Plaintiff with major depressive disorder and unspecified anxiety disorder and noted that his prognosis was "Poor." Tr. 643-44. He opined that, while there was "[n]o evidence of limitation in following and understanding simple directions and instructions, performing simple tasks independently, maintaining attention and concentration, maintaining a regular schedule, learning new tasks, performing complex tasks independently, and relating adequately with others," Plaintiff was "markedly limited in making appropriate decisions and appropriately dealing with stress." Tr.

643.  Furthermore, Dr. Brownfield opined that Plaintiff's "psychiatric and substance abuse problems . . . may significantly interfere with [Plaintiff's] ability to function on a daily basis."  *Id.*

The record also contains treatment records from a treating source.  From May 2018 through July 2018, Plaintiff was seen by Ellie Law, MHC.  Tr. 668-701.  Counselor Law diagnosed Plaintiff with generalized anxiety disorder, panic disorder with agoraphobia, mild agoraphobic avoidance and moderate panic attacks.  Tr. 668.  She noted that Plaintiff presented with "anxious mood and congruent affect" and "substantial racing thoughts."  Tr. 681.

In his decision, the ALJ incorporated two non-exertional limitations into Plaintiff's RFC: Plaintiff would be (1) limited to occasional interaction with the public, coworkers, and supervisors; and (2) limited to the performance of simple, routine, repetitive tasks.  Tr. 17.  In crafting this RFC, the ALJ did not give controlling weight to any medical opinion.  The ALJ gave some weight to the opinion of the state agency consultant, Dr. Brownfield, finding that, notwithstanding Dr. Brownfield's finding that Plaintiff was *markedly* limited in making appropriate decisions and appropriately dealing with stress due to substance use, "the longitudinal record, including the records from Ms. Law at Exhibit 18F and evidence of [Plaintiff's] activities of daily living reflect no more than *moderate* limitations."  Tr. 23 (emphasis added).  The ALJ did not consider any aspect of Counselor Law's treatment notes as opinion evidence.  Ultimately, the ALJ determined that "a residual functional capacity for unskilled work with limited interaction with others to account[ed] for [Plaintiff's] anxiety and depressive disorders."  *Id.*

As Plaintiff points out on appeal, the problem with the ALJ's RFC analysis is that the ALJ purported to craft Plaintiff's stress-related limitations without the benefit of a medical opinion.  *See* ECF No. 10-1 at 12-13.  This constitutes error.

"Specific limitations included in an RFC, like the RFC as a whole, must be based on evidence in the record, not on an ALJ's own surmise." *MaryAnne V. v. Comm'r of Soc. Sec.*, No. 20-CV-412, 2021 WL 3560584, at *2 (W.D.N.Y. Aug. 12, 2021) (internal quotation marks omitted). "A medical opinion, a claimant's testimony, or information contained in the medical records can oftentimes be sufficient to support a given [restriction]." *Id.* The ALJ is "free to partially credit, or otherwise make reasonable inferences from, the evidence to determine a claimant's functional capacities and limitations"; he need not limit the RFC only to those "limitations explicitly identified in the record." *Id.* On appeal, a court must "must defer to the ALJ's factfinding" unless "a reasonable factfinder would *have to conclude otherwise*." *Id.*

However, such deference "does not give an ALJ the license to arbitrarily craft functional limitations." *Id.* at *3. Moreover, the ALJ's authority to make factual findings does not extend so far was to permit the ALJ to "play doctor." *Nancy B. v. Comm'r of Soc. Sec.*, No. 19-CV-6574, 2021 WL 716705, at *3 (W.D.N.Y. Feb. 24, 2021). As a layperson, an ALJ's "ability to make inferences about the functional limitations that an impairment poses does not extend beyond that of [a] layperson." *Id.* Thus, the ALJ "may not interpret raw medical data in functional terms." *Id.*; *see also Kemp v. Comm'r of Soc. Sec.*, No. 19-CV-282, 2020 WL 5016684, at *3 (W.D.N.Y. Aug. 25, 2020) ("[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence.").

In this case, the ALJ explicitly rejected Dr. Brownfield's opinion that Plaintiff was "markedly limited in making appropriate decisions and appropriately dealing with stress due to substance abuse." Tr. 23. This was the only medical opinion on these stress-related limitations. Having rejected that opinion in relevant part, the ALJ identified the two functional restrictions

that, in his view, sufficiently accounted for all of Plaintiff's stress-related limitations: he was limited to occasional interaction with the public, coworkers, and supervisors, and limited to the performance of simple, routine, repetitive tasks.  Tr. 17, 23.

The only inference the Court can draw from the ALJ's stated rationale is that he relied on his own interpretation of the record evidence—rather than the opinions expressed by the medical sources in the record—to craft Plaintiff's stress-related functional limitations.  *See* Tr. 17-24.  Such an analysis would only be appropriate if he could otherwise draw common-sense inferences from the record, like any layperson, to arrive at his specific findings.  But in crafting the RFC, the ALJ did not cite evidence from which ordinary, common-sense inferences could be drawn to reach the stress-related limitations.  Instead, the ALJ engaged in a review of several sources including Plaintiff's hearing testimony, along with the treatment notes and clinical findings, to determine the functional limitations resulting from Plaintiff's anxiety and depression.  *See* Tr. 17-24.  He did not have the requisite expertise to do so.  *See, e.g.*, *Tavion T. v. Comm'r of Soc. Sec.*, No. 20-CV-514, 2021 WL 1559243, at *4 (W.D.N.Y. Apr. 21, 2021) ("[A]n ALJ cannot make common sense judgments about mental health impairments." (internal quotation marks omitted)); *Maxwell H. v. Comm'r of Soc. Sec.*, No. 19-CV-148, 2020 WL 1187610, at *7 (N.D.N.Y. Mar. 12, 2020) (collecting cases); *Crawley v. Berryhill*, No. 16-CV-271, 2018 WL 2354984, at *4 (W.D.N.Y. May 24, 2018) ("[T]he ALJ was not permitted to simply rely on his own lay interpretation of Plaintiff's psychiatric records.").  While it is true that an ALJ is free to analyze medical records "to determine what the weight of the evidence supports," that freedom does extend so far as to permit him to interpret "raw medical data that would require the expertise of a physician or other trained medical source."  *Genito v. Comm'r of Soc. Sec.*, No. 16-CV-143, 2017 WL 1318002, at *11 (N.D.N.Y. Apr. 7, 2017).

Despite the Commissioner's countervailing arguments, *see* ECF No. 11-1 at 9-16, the Court cannot ignore that the ALJ expressly rejected the portion of Dr. Brownfield's opinion related to Plaintiff's "marked" limitations and proceeded to craft stress-related limitations without relying on it or any other medical opinion. *Accord Alazawi v. Comm'r of Soc. Sec.*, No. 18-CV-00633, 2019 WL 4183910, at *4 (W.D.N.Y. Sept. 4, 2019) ("This court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.").

Accordingly, remand for further proceedings is warranted.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is DENIED and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 13, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York